VANDEN HEUVEL, Appellant, vs. SCHULTZ, Respondent.

*January 15—February 12, 1924.*

*Automobiles: Collision with pedestrian in highway: Duty to sound horn: Ordinary care: Instructions.*

1. It was clearly error for the court, in the trial of an action to recover for personal injuries received by plaintiff, who while walking on a highway was struck by an automobile approaching from the rear, to instruct the jury that there is no law requiring the driver of an automobile to sound his horn as he approaches a pedestrian or an intersection, and that failure to do so cannot be regarded as negligence, as the driver is required to use ordinary care, and under circumstances where ordinary care would require the driver to blow his horn he is bound to do so.  p. 615.

2. Whether or not the defendant in this case should have sounded his horn is a question for the jury.   p. 615.

3. An instruction on the question of plaintiff's negligence which stated that in order to exercise ordinary care one must employ his faculties in order to observe and discover the danger, if it is visible and obvious, or if the surrounding circumstances are such as to indicate the presence of danger to a reasonable or ordinarily careful and prudent man, and that a failure to discover such danger when one's attention is not attracted suddenly away from it amounts to want of ordinary care, is not erroneous.  p. 615.

APPEAL from a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing the plaintiff's

complaint. This is an action for personal injuries caused by an automobile collision with the plaintiff.

The Seymour-Oneida road, at a point about three miles east of Main street, Seymour, runs east and west. The plaintiff was walking along said highway, going toward the east, at about 11 o'clock in the forenoon of a clear day, May 2, 1922. He was sixty years of age, had good hearing, and while so walking was struck by defendant's car, a Dodge five-passenger touring car, which was going in the same direction as the plaintiff, from which collision the plaintiff suffered serious injury. The view was unobstructed and defendant saw plaintiff for a considerable distance before the accident. The highway was paved with a nine-foot concrete surface, with dirt shoulders about ten feet wide. The plaintiff claims that he was walking on the left-hand side of the concrete pavement within a couple of feet of the edge thereof, when he was struck by the automobile. The defendant claims that his car was on the right-hand side of the concrete, and that when he came opposite the plaintiff, the plaintiff turned to the right, crossed the concrete, and ran directly into his car.

There was a jury trial. The jury rendered a special verdict to the effect that the defendant did not fail to exercise ordinary care in driving his automobile, and that the plaintiff was guilty of want of ordinary care which contributed to produce the injury received. A further question was submitted for the jury to assess the damages, which it failed to answer. The usual motions were made on the part of the plaintiff to change the answers in the verdict and for judgment notwithstanding the verdict, which motions were denied. A motion for a new trial was also denied. The plaintiff assigns as errors: the order of the court denying plaintiff's motion to change the answers in the special verdict for the reason that said verdict is contrary to the evidence and not sustained by the evidence, and contrary to law; the order denying plaintiff's motion for a new

trial; and that the judgment is contrary to law and contrary to the evidence because of errors in the charge of the court to the jury.

For the appellant the cause was submitted on the brief of *E. C. Smith* of Seymour.

For the respondent there was a brief by *Rooney & Grogan* of Appleton, and oral argument by *Francis W. Grogan.*

CROWNHART, J.    The principal errors relied upon to reverse the judgment of the lower court refer to the instructions of the court to the jury.    The instructions so objected to are as follows:

(1)    "There is no law in this state requiring the driver of an automobile to blow his horn as he approaches a pedestrian or intersection.    They are to be used only as a warning, but a failure to blow the horn cannot be regarded as negligence on the part of the driver if you find that the defendant did not blow his horn in this case."

(2)    "In order to exercise ordinary care one must employ his faculties in order to observe and discover the danger, if the danger is visible and obvious or if the surrounding circumstances and conditions are such as to indicate the presence of danger to a reasonable or ordinarily careful and prudent man, and a failure to discover such visible and obvious danger when their attention is not attracted suddenly away from them amounts to want of ordinary care."

The first instruction evidently related to the first question as to whether the defendant exercised ordinary care, and the second instruction related to the third question as to whether plaintiff was guilty of want of ordinary care.

In considering these instructions we must have in mind the facts and circumstances to which they apply.    It appears that the plaintiff was walking on the left-hand side of the highway going in an easterly direction.    This would ordinarily be the safer side of the highway upon which to walk, for in such case the plaintiff could see automobiles approaching him from the east and properly driving on the

same side of the highway, and at the same time he would ordinarily be in no danger of being struck by an automobile coming from behind him, which customarily would be on the opposite side of the highway. Manifestly, it is impossible for a person walking on the highway to continuously watch for an automobile coming from behind him, and on a clear day, where the automobile driver has an unobstructed view of the highway, there should be no need of a pedestrian keeping a close watch under such circumstances for machines coming from behind. The statute requires the automobile to be equipped with a horn, plainly for the purpose of giving warning, when reasonably necessary, to prevent collisions with others using the highway. It would seem to be very clearly an error for the court to charge that "There is no law in this state requiring the driver of an automobile to blow his horn as he approaches a pedestrian or intersection. They are to be used only as a warning, but a failure to blow the horn cannot be regarded as negligence on the part of the driver if you find that the defendant did not blow his horn in this case." The law does require the driver of an automobile to use ordinary care, and, under circumstances where ordinary care would require the driver to blow his horn, the law so requires. *Cunnien v. Superior I. W. Co.* 175 Wis. 172, 184 N. W. 767. Whether or not the driver should have blown his horn in this case was clearly a question for the jury.

On the question of the plaintiff's negligence the court is of the opinion that the instruction was not erroneous. By its answer to this question the jury found the plaintiff guilty of want of ordinary care. The result is that the plaintiff could not recover even though the jury had answered the first question in his favor.

*By the Court.*—The judgment of the circuit court is affirmed.